```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
```
```
UNITED STATES OF AMERICA         :

     - v. -                      :

JOSEPH FREEMAN,                  :       11 Cr. 567(PAC)

                                 :       STIPULATION

                                 :
          Defendant.
- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 13 DEC 2011

     IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by Preet Bharara, United States Attorney for the Southern District of New York, Rachel Maimin, Assistant United States Attorney, and JOSEPH FREEMAN, by and with the consent of his attorney, Sarah Baumgartel, Esq., that:

     1.    If called as a witness, New York City Police Department ("NYPD") Officer Joseph Walsh ("Officer Walsh") would testify that, at approximately 1:40 a.m. on April 27, 2011, he and his partner, Officer Ryan Conroy ("Officer Conroy"), were in the vicinity of 1308 East Gun Hill Road in the Bronx, New York. Officer Walsh would testify that he heard an NYPD radio dispatch reporting a man with a gun, arguing with a woman, at 1308 East Gun Hill Road. Officer Walsh would testify that the man was initially described as Hispanic, wearing a white t-shirt and a black hat, but that the description was subsequently revised by the NYPD radio dispatcher to state that the suspect was black, wearing a white doo-rag, long white t-shirt, and black hat.

     2.    Officer Walsh would further testify that he saw an

individual, later identified as JOSEPH FREEMAN, the defendant, matching the description of the revised NYPD dispatch, in the vicinity of 1308 East Gun Hill Road.

3.  Officer Walsh would testify that he and Officer Conroy, with the assistance of Officer Humberto Morales ("Officer Morales"), stopped JOSEPH FREEMAN, the defendant, and placed him in handcuffs.

4.  If called as a witness, Officer Morales ("Officer Morales") would testify that he aided Officers Walsh and Conroy to handcuff an individual later identified as JOSEPH FREEMAN, the defendant.  Officer Morales would further testify that he recovered a loaded .9 mm Luger pistol from the individual's waistband (the "Firearm and Ammunition").

5.  A competent witness from the Bureau of Alcohol, Tobacco, Firearms and Explosives would testify that the Firearm and Ammunition are not manufactured in the State of New York.

6.  JOSEPH FREEMAN, the defendant, was convicted on or about October 29, 2001, in New York State Supreme Court, Bronx County, of attempted criminal possession of a controlled substance in the third degree, in violation of New York Penal Law Section 220.16, which is punishable by imprisonment for a term exceeding one year.

7.  The facts and evidence described in paragraphs 1 through 6 of this Stipulation establish that:

(a) On or about April 27, 2011, in the Southern

District of New York, JOSEPH FREEMAN, the defendant, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, to wit, a 9mm Luger pistol, and ammunition, which previously had been shipped and transported in interstate and foreign commerce.

(b) Accordingly, the facts and evidence described in paragraphs 1 through 6 of this Stipulation establish proof beyond a reasonable doubt of each of the elements of the crime with which the defendant is charged in the Indictment 11 Cr. 567 (PAC) in this case.

IT IS FURTHER STIPULATED AND AGREED that the admission of any Government Exhibit and waiver of any evidentiary objections thereto shall not be construed as a waiver on the part of JOSEPH FREEMAN, the defendant, of his right to argue on appeal that the Firearm and Ammunition were seized from his person in violation of his Fourth Amendment rights, and should have been suppressed. If it is adjudged on appeal that the Firearm and Ammunition should have been suppressed, FREEMAN will be permitted to withdraw from the stipulations contained within paragraphs 1 through 7 and proceed to trial.

IT IS FURTHER STIPULATED AND AGREED that this

Stipulation (as Government Exhibit 1) may be received in evidence at trial.

Dated:   New York, New York
         December 13, 2011

                                    PREET BHARARA
                                    United States Attorney


                            By:     _____
                                    Rachel Maimin
                                    Assistant United States Attorney




                            By:     _____
                                    JOSEPH FREEMAN


                            By:     _____
                                    Sarah Baumgartel, Esq.
                                    Attorney for Joseph Freeman